**Saman RANDENIYA, Namali Randeniya, Savinda Randeniya, Kevin Randeniya, Nethmi Randeniya, Petitioners,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 08–3975–ag.

United States Court of Appeals, Second Circuit.

Nov. 16, 2009.

Visuvanathan Rudrakumaran, New York, N.Y., for Petitioner.

Tony West, Assistant Attorney General, Douglas E. Ginsburg, Senior Litigation Counsel, Ethan B. Kanter, Senior Litigation Counsel, Glen T. Jaeger, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES, DEBRA ANN LIVINGSTON, Circuit Judges.

* Only Saman Randeniya filed an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The remaining Petitioners—his family members—are listed as derivative applicants. Accordingly, all references to the Petitioner herein are to Saman Randeniya only.

## SUMMARY ORDER

Petitioners Saman, Namali, Savinda, Kevin, and Nethmi Randeniya,* citizens of Sri Lanka, seek review of a July 15, 2008 order of the BIA affirming the November 2, 2006 decision of Immigration Judge ("IJ") Jeffery S. Chase denying Saman Randeniya's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Saman Randeniya*, Nos. A099 320 086/087/088/089, 076 143 068 (B.I.A. July 15, 2008), *aff'g* Nos. A099 320 086/087/088/089, 076 143 068 (Immig. Ct. N.Y. City Nov. 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We previously denied the Government's motion for summary disposition. That procedure is normally appropriate when a petition is subject to dismissal for lack of jurisdiction, improper venue, or untimeliness. Presenting substantive arguments on the merits of a petition for review by motion risks obliging two panels of this Court to consider the merits in those cases where the motion is denied and, in such circumstances, obliges the Government to brief both its motion and then the merits. Following our denial of summary disposition, the Government submitted its brief on the merits.

Petitioner has not shown that the agency erred in finding that he failed to establish that any past harm he suffered bore a nexus to a protected ground. 8 U.S.C. § 1101(a)(42). As amended by the REAL ID Act, Title 8, Section 1158(b)(1)(B)(i) of the U.S.Code provides that an asylum "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will

be at least one central reason for persecuting the applicant." The agency determined that Petitioner failed to establish eligibility for asylum or withholding of removal based on his mistreatment by the Liberation Tigers of Tamil Eelam ("LTTE")—either in Italy or Sri Lanka— because there was no evidence this mistreatment was on account of a protected ground. Rather, the agency reasonably concluded that any mistreatment Petitioner suffered was on account of the LTTE's belief that he had stolen money from the group.

Petitioner asserts that the agency erred by failing to consider his imputed political opinion claim; however, this argument is plainly without merit. Although asylum applicants may be granted relief on an imputed political opinion theory, *see Koudriachova v. Gonzales*, 490 F.3d 255, 264 (2d Cir.2007), here there is no evidence that the LTTE thought that Petitioner opposed that group because of his political beliefs. Indeed, Petitioner's account of the threats he and his family received explicitly showed that the LTTE's sole motivation was to pressure him to return the funds they believed he had stolen. *See Yueqing Zhang*, 426 F.3d at 545 ("[A]pplicant must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief."). Thus, Petitioner's argument that the agency failed to consider evidence concerning the Italian authorities' ability to protect him is irrelevant because he failed to establish that any harm the LTTE might inflict would be on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

Petitioner also argues that the BIA erred by denying him withholding of removal to Sri Lanka, given that his mistreatment by the Sri Lankan army was on account of a protected ground because the military erroneously believed he was an LTTE supporter. However, this assertion ignores the fact that the IJ found Petitioner's testimony concerning his interrogation and beating by the military not credible, a finding that Petitioner did not challenge in his appeal to the BIA. Having thus failed to challenge the agency's credibility determination, Petitioner has abandoned that claim.[1] *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007) (noting that "because Liu failed to argue before either this Court or the BIA his claims for relief based on the illegal nature of his departure from China, we consider that basis for relief abandoned" (citing *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir. 2005))).

Petitioner's remaining arguments are without merit. Nothing in the record compels the conclusion that, as Petitioner argues, the agency failed to consider the documentary evidence he submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006) ("[W]e presume that an IJ has taken into account all of the evidence otherwise."). Insofar as Petitioner challenges the weight afforded to that evidence, the record reveals no error. *See id.* at 342 (citing *Asociacion de Compositores y Editores de Musica Latino Americana v. Copyright Royalty Tribunal*, 854 F.2d 10, 13 (2d Cir.1988) ("[W]e must review a challenge to the Tribunal's evidentiary rulings with the same deference, for the type of proof that will be acceptable and the weight it should receive lie largely in the discretion of the [Tribu-

---

1. Even if Petitioner did not abandon that claim, any challenge to the agency's credibility determination is without merit because Petitioner's failure to mention his beating by the

Sri Lankan military in his written application was a "self evident" inconsistency. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 295–96 (2d Cir.2006).

nal].")). Finally, because Petitioner did not challenge the IJ's denial of his CAT claim before the BIA, and does not challenge the denial of that relief before this Court, that claim is abandoned. *See Gui Yin Liu*, 508 F.3d at 723 n. 6.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).